IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

William J. Wilde,

PLAINTIFF

v.

Holly Scaturo, Director; Mrs. Kimberly Poholchuk, B.M.C. Program Director; Ms. Cynthia Helff, B.M.C.; Dr. Kelly Gothard; Dr. Gordon Brown, Psychologist; Dr. Rozanna Tross, Psychologist; Dr. Amy Swan, Psychologist; Ms. Marie Gehle, Evaluator; Dr. Donna Schwartz-Watts, Psychologist; Capt. Frank Abney, P.S.O. Supervisor; Mr. Galen Sanders, Chief Nursing Administrator; Mr. Harold Alexander, R.N.; Ms. Charlene Hickman, R.N.; Dr. John Magill, Director of Department of Mental Health; Mr. Alan Wilson, Attorney General,

DEFENDANTS

Case No. 8:16-cv-02318-TLW-JDA

**ORDER**

Plaintiff William J. Wilde, who is in the custody of the South Carolina Department of Mental Health (SCDMH) and proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights in various ways in connection with the administration of the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code §§ 44-48-10 through 44-48-170. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by Magistrate Judge Austin, to whom this case was assigned. ECF No. 90. In the R&R, the Magistrate Judge recommends: granting Defendant

Swan's motion to dismiss, ECF No. 36; granting the Summary Judgment Defendants'[1] motion for summary judgment, ECF No. 70; and dismissing the case as to Defendant Hickman pursuant to Federal Rule of Civil Procedure 41(b). The Magistrate Judge further recommends that Defendants Magill and Wilson's motion to dismiss, ECF No. 45, and Defendant Hickman's motion to dismiss, ECF No. 52, be terminated as moot. Plaintiff filed objections to the R&R, and Defendant Hickman filed a reply. ECF Nos. 92, 94. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed de novo the R&R and Plaintiff's objections, which focus on his unsupported assertion that the defendants in this case are not entitled to qualified immunity. ECF No. 92 at 3. After an appropriate review, the R&R is ACCEPTED and Plaintiff's objections are OVERRULED. Accordingly, Defendant Swan's motion to dismiss, ECF No. 36, is GRANTED; the Summary Judgment Defendants' motion for

[1] The "Summary Judgement Defendants" as defined in the R&R include: Abney, Alexander, Brown, Gehle, Gothard, Helff, Magill, Poholchuk, Sanders, Scaturo, Schwartz-Watts, Tross, and Wilson.

summary judgment, ECF No. 70, is GRANTED; and the case is DISMISSED as to Defendant Hickman pursuant to Federal Rule of Civil Procedure 41(b). Additionally, Defendants Magill and Wilson's motion to dismiss, ECF No. 45, and Defendant Hickman's motion to dismiss, ECF No. 52, are TERMINATED AS MOOT.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

September 5, 2017
Columbia, South Carolina